UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIRCK HECKING,<br>    *Plaintiff*,<br><br>    *vs.*<br><br>NEW HAMPSHIRE CONJUNCTIVE PARTIES, *et al.*,<br>    *Defendants*. | )<br>)<br>)<br>)  1:13-cv-565-JMS-TAB<br>)<br>)<br>)<br>) |

**<u>ORDER</u>**

On June 18, 2013, this Court ordered Plaintiff Dirck Hecking to identify the circumstances which establish that the Southern District of Indiana is the proper venue for this lawsuit and show cause why it should not be transferred to the District of New Hampshire. [Dkt. 50 at 2.] In doing so, the Court observed that "[h]ere, the defendants, the alleged misconduct and the evidence appear to be located or have taken place in the District of New Hampshire. The amended complaint does not provide any factual allegations connecting the defendants or their alleged conduct to the Southern District of Indiana." [*Id.* at 1.]

Mr. Hecking responded to the Court's order but does not address venue, instead addressing diversity jurisdiction, which he claims is "spot-on" with venue. [Dkt. 55 at 1.] Mr. Hecking does not dispute the Court's observations that the Defendants, the alleged misconduct, and the evidence appear to be located or have taken place in New Hampshire.

A civil action may be brought in a judicial district in which any defendant resides; in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or, if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the district court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391. Given

that it is undisputed that none of the Defendants reside in Indiana, none of the events took place here, none of the evidence is located here, and both the Defendants and evidence are in New Hampshire, the Court concludes that venue here is improper.

Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources. *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). Under 28 U.S.C. § 1406(a), a district court may "transfer a case brought in the wrong division or district if" it is "in the interest of justice" to do so. *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir.1989).  If the Court does not transfer the case, it must dismiss it for improper venue. *Id.* (citing 28 U.S.C. § 1406(a)).  Personal jurisdiction over the defendants is not a prerequisite for utilizing the transfer provision in § 1406(a). *Hapaniewski*, 883 F.2d at 579. When parties are already litigating an action against each other, justice dictates that transfer, not dismissal, would best serve the interest of justice. *Heckler & Koch, Inc. v. Tippman Sport, LLC*, 2009 WL 4907016, *1 (S.D.Ind. 2009).

For the reasons detailed herein, venue is improper in the Southern District of Indiana. Because the parties are litigating this matter against each other and it appears that all of the Defendants are located in New Hampshire, this Court finds that transfer to the District of New Hampshire, as opposed to dismissal, is in the interest of justice.  Accordingly, this action is **TRANSFERRED** to the District of New Hampshire pursuant to 28 U.S.C. § 1406(a).  All pending motions are **TERMINATED** on this Court's docket (though they should remain pending on the docket to be transferred for treatment by the receiving court), all of this Court's deadlines are **VACATED**, and this matter is **CLOSED** on this Court's docket.

07/26/2013

*[signature: Jane Magnus-Stinson]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

- 3 -

**<u>Distribution via ECF only</u>:**

Electronically Registered Counsel

Dirck Hecking, 6215 Coffman Road, Indianapolis, IN 46268